**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIMA RAULINAITIS, SIGITAS RAULINAITIS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFFS DEPARTMENT, <br><br> Defendant-Appellee. | No.   12-56508 <br><br> D.C. No. 2:11-cv-08026-MWF-JCG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted October 25, 2016[**]

Before:    LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Rima and Sigitas Raulinaitis appeal from the district court's summary

judgment in their  42 U.S.C. § 1983 action alleging violations of their Second

Amendment rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *Peruta v. County of San Diego*, 824 F.3d 919, 925 (9th Cir. 2016) (*en banc*), and we affirm.

In *Peruta v. San Diego,* this court, sitting en banc, held that a member of the general public does not have a right under the Second Amendment to carry a concealed firearm in public, and that a state may impose restrictions, including a showing of good cause, on concealed carry. *Id.* at 939. The San Diego and Yolo County Sheriff's Department policies interpreting the California statutory good cause requirement at issue in *Peruta* therefore survived a Second Amendment challenge. *Id.* For the same reasons, the Los Angeles County Sheriff's Department's policies interpreting the California statutory good cause requirement do not violate the Second Amendment.

**AFFIRMED.**